1  ANTHONY J. DECRISTOFORO (SB #166171)
   ajdecristoforo@stoel.com
2  CARISSA M. BEECHAM (SB #254625)
   cmbeecham@stoel.com
3  STOEL RIVES LLP
   500 Capitol Mall, Suite 1600
4  Sacramento, CA  95814
   Telephone:  (916) 447-0700
5  Facsimile:  (916) 447-4781

6  Attorneys for Defendant
   Checksmart Financial, LLC

7

8  MICHAEL A. GOULD (SB #151851)
   AARIN A. ZEIF (SB #247088)
   GOULD & ASSOCIATES
9  A Professional Law Corporation
   17822 East 17th Street, Suite 106
10 Tustin, CA 92780
   Telephone:  (714) 669-2850
11 Facsimile:  (714) 544-0800

12 Attorneys for Plaintiff
   Brittany Loforti
13

14
                    UNITED STATES DISTRICT COURT
15
                    EASTERN DISTRICT OF CALIFORNIA
16
                         SACRAMENTO DIVISION
17

18 BRITTANY LOFORTI,                         Case No. 2:12-CV-02994-JAM-AC

19           Plaintiff,                      STIPULATED PROTECTIVE ORDER

20      v.

21 CHECKSMART FINANCIAL, LLC, a
   corporation; and
22 DOES 1 through 25,

23           Defendants.

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

STIPULATED PROTECTIVE ORDER                              2:12-CV-02994-JAM-AC

73681374.2 0043773-00010

The parties, Plaintiff Brittany Loforti ("Plaintiff") and Defendant Checksmart Financial, LLC ("Defendant") to this litigation hereby stipulate to the entry of a protective order to ensure the confidentiality of certain materials, documents, and information requested by the parties to this litigation.

The terms of this Stipulated Protective Order are as follows:

1. "Confidential Information" shall mean information, documents, and things, in any format or presentation (including but not limited to paper copies and electronic media) subject to discovery in this action which the designating party believes constitutes, contains, reflects or discloses confidential information, for which a good faith claim or need of protection from disclosure can be made under applicable law. Such information includes Defendant's insurance related documents and information, information pertaining to security at the stores, and information regarding Defendant's business and internal practices that has commercial value. This information requires protection from public disclosure to maintain the safety and security of Defendant's property and personnel, and to maintain the value of Defendant's proprietary Commercial Information. The designations will be made reasonably and in good faith. Such confidential information shall include without limitation: testimony adduced at depositions upon oral examination; written answers to interrogatories; documents produced pursuant to a request for production; and written answers to requests for admission, pursuant to Federal Rules of Civil Procedure. It shall be the duty of the party or witness who seeks to invoke protection under this Stipulated Protective Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof, commencing with such notice.

2. The parties require a court order as opposed to a standalone private agreement so that the Court may more easily resolve disputes and manage the exchange of Confidential Information.

3. Subject to the provisions of this Order, all transcripts of any nature, exhibits, responses to written discovery demands, documents and information produced by any party pursuant to pretrial discovery in this action (including copies thereof) that have been designated

by such party as comprising or containing its confidential information shall be given, shown, disclosed, made available, or communicated only to:

    (a)    A party to this litigation, to the extent confidential information is shown to the party or used by the party solely for the purposes of this litigation. The term "party" in this section includes corporate officers and agents of the parties that are corporations.

    (b)    The attorneys of record for any party in this litigation, their respective associates, clerks, paralegals, assistants, secretaries, and employees.

    (c)    Any person hired or retained by the attorneys of record to assist in the preparation of this litigation for trial, such as consultants or expert witnesses, whether or not designated, and their employees or representatives.

    (d)    Any person who prepared or originated a document, who is indicated on its face as the recipient of a copy thereof, who otherwise legitimately receives a copy or who is reasonably anticipated to be a witness at the deposition or trial, where the Confidential Information is reasonably anticipated to relate to the testimony of such witness.

    (e)    Any other person who is designated by written stipulation of all parties filed in this action, or by further order of the Court on motion by any party to this action.

    (f)    Court reporters or court personnel who are required to deal with such documents or information in connection with this litigation.

4.    Any information designated as confidential information shall not be made available to persons other than those designated in paragraph 2, above.

5.    Documents with confidential information may be designated by the party producing it by either providing specific written notice to all other attorneys of record indicating the documents which are claimed to be confidential or by legibly marking or stamping each page with a notation indicating that such documents are "CONFIDENTIAL." In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged.

6.    At any deposition session, upon any inquiry with regard to the content of a document deemed confidential or when counsel for a party or witness deems that the answer to a question will result in the disclosure of confidential information within the meaning of this Order,

1  counsel, at counsel's option, may direct that the question and answer be treated as confidential
2  and subject to this Order.  When such a direction has been given, the testimony shall be disclosed
3  only to those individuals specified in paragraph 2 above, and the information contained therein
4  shall not be used for any purpose other than for purposes of this suit.  That party may also
5  designate information disclosed at such deposition as confidential by notifying all parties in
6  writing, within 21 days of receipt of the transcript, of the specific pages and lines of the transcript
7  which are confidential.  Each party shall then attach a copy of such written statement to the face
8  of the transcript, and each copy thereof in his/her possession, custody or control.  All depositions
9  shall be treated as confidential for a period of at least thirty days after a full and complete
10 transcript of said deposition is available.

11         7.     Responses to written discovery demands and documents produced during the
12 course of discovery may be designated as confidential by the answering party by marking the
13 word "CONFIDENTIAL" on the cover page of the answers and indicating which of the answers
14 are confidential.

15         8.     No person, firm, corporation, or other entity shall use confidential information
16 subject to this Order in any manner whatsoever except for preparation for, and attendance at,
17 mediation, arbitration, trial, and any appeal of the above-entitled action.  Furthermore, no person,
18 firm, corporation or other entity subject to this Order shall give, show, disclose, make available or
19 communicate confidential information to any person, firm, corporation or other entity not
20 expressly authorized by this Order to receive such confidential information.  A party's use, for
21 any purpose, of its own documents and other things which it produces or discloses in this action
22 shall not be considered a violation of this Order.

23         9.     This Protective Order is intended to regulate the handling of confidential
24 information and documents during the pretrial period of this litigation, but shall remain in force
25 and effect until modified, superseded or terminated on the record by agreement of the parties or
26 by order of this Court.  Notwithstanding, the parties may serve objections to the inclusion of
27 particular documents as confidential pursuant to this protective order.  Such objections must be
28 made in writing within thirty days of the date of this order, or of the production of the confidential

information or documents, whichever is later.  Within twenty days after service of any written objections, and after meeting and conferring with opposing counsel, the party to whom the objections are directed may move the Court, with a request for hearing on an expedited basis, for a further protective order concerning such disputed documents with the moving party bearing the burden of proof.  If no motion is filed within twenty days of the service of the objections, the documents to which the objection applies need not be treated as confidential.  The parties agree that the confidentiality of any disputed documents shall remain protected by the terms of this order pending final resolution of such motion either by final decision by the trial court, or decision by the Court of Appeal upon a writ proceeding filed by the aggrieved party.

10. The inadvertent or unintentional disclosure by a party of confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

11. All transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed with the Court in this action which have previously thereto been designated as comprising or containing confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed with a "Request to Seal Documents" pursuant to Local Rule 141.

12. Nothing in this stipulated protective order: (a) affects in any way the admissibility of any documents, testimony or other evidence at trial, or (b) restricts the use of information obtained from sources other than discovery conducted under the terms of this Stipulated Protective Order.

13. Upon final termination of this action, including all appeals, each receiving party shall be under an obligation to assemble and return to the designating party all documentary material or memoranda embodying information still designated "confidential" including all copies of such memoranda or documentary material which may have been made; provided, however, that counsel of record may retain any of its work product which incorporates or refers to

such confidential information. Receipt of such documentary material by the party from whom it emanated shall be acknowledged in writing.

14. This stipulated protective order may be modified by written agreement of the parties, subject to approval of the Court.

STIPULATED AND APPROVED AS TO FORM AND CONTENT:

Dated: May 10, 2013                    STOEL RIVES LLP


By:/s/ Carissa M. Beecham
   Anthony J. DeCristoforo
   Carissa M. Beecham
   Attorneys for Defendant
   Checksmart Financial, LLC

Dated: May 10, 2013                    GOULD & ASSOCIATES


By:/s/ Aarin A. Zeif (as authorized on May 9, 2013, signature on file)
   Michael A. Gould
   Aarin A. Zeif
   Attorneys for Plaintiff
   Brittany Loforti

IT IS SO ORDERED.

Dated: May 13, 2013

UNITED STATES MAGISTRATE JUDGE